UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:19CR142 |
| | ) | |
| JERAMY ROUTH, | ) | Hon. Liam O'Grady |
| | ) | |
| Defendant | ) | Sentencing: September 27, 2019 |

## UNITED STATES' POSITION ON SENTENCING

The United States, through undersigned counsel and in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G"), hereby submits its position with respect to the sentencing of the defendant, Jeramy Routh. As a preliminary matter, the United States agrees that the defendant has assisted the United States in the efficient administration of justice and moves for a one-level decrease in total offense level pursuant to U.S.S.G. §§3E1.1 (b).

## BACKGROUND & PROCEDURAL HISTORY

The government hereby incorporates by reference the Statement of Facts filed in this case on May 2, 2019. Nothing set forth herein is intended to alter or contradict that Statement of Facts. To summarize for the Court, between September and October 2016, the defendant used various software platforms, including but not limited to Kik and Dropbox, to trade images and videos of child pornography with other individuals, including E.H..

The defendant was interviewed during a search warrant executed on May 8, 2017. After initially denying it, the defendant admitted to trading child pornography, including with the person ultimately identified as E.H.

On May 2, 2019, the defendant pleaded guilty pursuant to a plea agreement to an Information charging him with one count of conspiracy to distribute child pornography in violation of 18 U.S.C. § 2252(a)(2).

## SENTENCING ANALYSIS

The Court must consult both the Sentencing Guidelines and the sentencing factors in 18 U.S.C. § 3553(a) to determine the appropriate sentence for the defendant's crime of knowing receipt of child pornography. Although the Sentencing Guidelines are advisory, district courts are required to "consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264 (2005). Under the required procedures, a "district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes,* 401 F.3d 540, 546 (4th Cir. 2005) (citation omitted).

### I.     Sentencing Guidelines

The government and the defendant have agreed that the following offense-level adjustments apply in this case:

| | | |
|---|---|---|
| **2G2.2(a)(2)** | Base Offense Level | 22 |
| **2G2.2(b)(2)** | The material involved a prepubescent minor or a minor who had not attained the age of 12 years | +2 |
| **2G2.2(b)(4)** | The offense involved material portraying violence or S&M or infant | +4 |
| **2G2.2(b)(6)** | The offense involved the use of a computer | +2 |
| **2G2.2(b)(7)(D)** | Over 600 images | +5 |

The PSR correctly found that the defendant should receive a two level increase under 2G2.2(b)(3)(F).

3

The defendant is in Criminal History Category I (PSR ¶ 114), with a total offense level of 34, resulting in a guidelines range of 151-188 months.

**II.     Section 3553 Factors**

When imposing a sentence, the Court must consider certain factors as laid out under 18 U.S.C. § 3553(a). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The nature of the charge to which the defendant has pleaded guilty, conspiracy to distribute images of minors engaging in sexually explicit conduct, calls for a substantial term of imprisonment for various reasons, most significantly for general deterrence purposes. As the Court is aware, this is not a victimless crime. The victims are and continue to be the children depicted in the images. The "use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child" used in the production of the pornographic material. *Osborne v. Ohio*, 495 U.S. 103, 109 (1990). Child pornography trafficking crimes result in perpetual harm to the victims: "It is well established that children featured in child pornography are harmed by the continuing dissemination and possession of that pornography. Such images are a 'permanent record of the children's participation and the harm to the child is exacerbated by their circulation.'" *United States v. Burgess,* 684 F3d 445, 459 (4th Cir. 2012)(quoting *New York v. Ferber,* 458 U.S. 747, 759 (1982)).

Furthermore, soliciting and distributing child pornography images feeds a market that continues the cycle of exploitation by creating a demand for more of the images. *Osborne v.*

4

*Ohio*, 495 U.S. 103, 109-11 (1990); *see also United States v. Regan,* 627 F.3d 1348, 1355 (10th Cir. 2010)("Because child pornography promotes the victimization of children, individuals like [the defendant] create a demand for its further production and abuse of children, even if their conduct is purely voyeuristic.")

### III. Restitution

Restitution has been requested by a number of victims. It is government counsel's understanding that defense counsel has not yet reached agreement with victim counsel on those requests. In addition to being agreed upon by the parties, restitution is required in this case because the defendant's actions caused cognizable damages under federal law. The government respectfully requests additional time to determine restitution.

### CONCLUSION

For the reasons stated above, the government submits that a sentence at the low end of the appropriately calculated Guidelines is sufficient but not greater than necessary to satisfy the sentencing factors in Section 3553. The government recommends that the defendant be designated to a Bureau of Prisons facility that offers sex offender treatment. The defendant's sentence should include a significant term of supervised release and reasonable restitution.

                                  Respectfully submitted

                                  G. Zachary Terwilliger
                                  United States Attorney

Date: September 18, 2019

                                By: _____/s/_____
                                Whitney Dougherty Russell
                                Assistant United States Attorney
                                United States Attorney's Office
                                Eastern District of Virginia
                                2100 Jamieson Avenue
                                Alexandria, VA 22314

                            Tel.: (703) 299-3700
                            Email: whitney.russell@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have on this date served a copy of the foregoing upon the counsel for defendant by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing.

      This, the 18th day of September 2019.

                                                                 By:           /s/
                                                           Whitney Dougherty Russell
                                                           Assistant United States Attorney
                                                           United States Attorney's Office
                                                           Eastern District of Virginia
                                                           2100 Jamieson Avenue
                                                           Alexandria, VA 22314
                                                           Tel.: (703) 299-3700
                                                           Email:  whitney.russell@usdoj.gov